IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEBRAN ALEXANDER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO.:_____ |
| v. | § | |
| | § | |
| INTERNATIONAL BUSINESS | § | |
| MACHINES, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendant.* | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Kebran Alexander suing Defendant International Business Machines, Inc. ("Defendant" or "IBM"), alleging violations of the Americans With Disabilities Act, 42 U.S.C. §12101 *et seq.* as amended by the ADA Amendments Act of 2008 ("ADAAA"), and the Texas Commission on Human Rights Act, Texas Labor Code §21.001 et seq. ("TCHRA"). In support of his claims, Plaintiff respectfully states:

### I. INTRODUCTION

1. This is a case alleging disability and discrimination as well as retaliation for seeking reasonable accommodations. In this case, IBM deliberately chose not to follow expert advice regarding reasonable accommodations for Plaintiff. Instead, IBM removed Plaintiff involuntarily from a job where he was exceeding his annual sales quota and had recently been given a substantial cash bonus based upon his last quarter's excellent performance. All the required administrative prerequisites to filing this action have been accomplished and this action is timely filed.

## PARTIES

2. Plaintiff is an individual who resides in the City of Dallas, Dallas County, Texas.

3. At all material times, Plaintiff worked as a digital (business) development representative for IBM.

4. Defendant International Business Machines, Inc., at all pertinent times, was the "employer" of Plaintiff Kebran Alexander.

5. Defendant International Business Machines, Inc. is an active foreign for-profit corporation that is authorized to do business in Texas and is doing business in Texas. Defendant has corporate headquarters located at 1 New Orchard Road, Armonk, New York 10504-1722. Defendant may be served with process by serving its Texas Registered Agent for service, CT Corp. System, 1999 Bryan St., Suite 900, Dallas, Dallas County, Texas 75201-3136.

## II. JURISDICTION

6. This Court has subject matter jurisdiction because Plaintiff is asserting claims arising under federal law. Specifically, Plaintiff is asserting claims arising under the ADAAA. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. §1331.

## III. VENUE

7. Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas because a substantial part of the events or omissions giving rise to the claims occurred in the District. Venue is therefore proper under 28 U.S.C. §1391(b)

## IV. SUMMARY OF FACTS

8. Plaintiff is an African-American male, age 51.

9. Plaintiff started to work for IBM on May 19, 2014, and he was terminated on March 10, 2017.

10. Plaintiff's job title at the time of his termination was "digital (business) development representative." He emphasized federal business at the direction of and with the approval of his supervisor. In the year 2016, Plaintiff achieved 101% of his assigned annual target for sales.

11. Plaintiff had a history, starting on or about June 1, 2016, of seeking accommodations to his disability. Specifically, Plaintiff had difficulty processing information, moving from one task to another task, and needed to momentarily reset between tasks.

12. Plaintiff was evaluated by IBM in response to his request for accommodations by Dr. Jesse C. Ingram, who is a psychologist. Dr. Ingram supported Plaintiff's request for accommodations in a report dated September 27, 2016, a copy of which is attached hereto as **Exhibit "A."** IBM did not implement Dr. Ingram's recommendations, which included a different work environment and/or job roles.

13. Plaintiff was also evaluated in response to his request for accommodations by a contractor of IBM Disability Services. The evaluator was Vladimir Valcourt. To stay within his existing job, Plaintiff was told by his supervisor that Mr. Valcourt recommended in November 2016 that Plaintiff be provided one or more assistants. Plaintiff was also told that IBM definitely *would not* provide him any assistants. Plaintiff was not provided a copy of any communications to or from Vladimir Valcourt by IBM.

14. Instead of accommodating Plaintiff in any of the ways recommended, Plaintiff was advised on or about December 8, 2016, that he was losing his job and had until January 31, 2017, to locate, be hired, and be in-role already transferred to another position within IBM. This deadline was completely unrealistic because of year-end close activities, vacations, and the holiday season. Nevertheless, Plaintiff made applications and requested an extension of time,

which was granted until February 28, 2017.

15. On February 15, 2017, Plaintiff received notice of a fourth quarter performance bonus (based specifically upon Q4 2016). The performance bonus paid to him was in the amount of $10,209.18.

16. On February 16, 2017, Plaintiff noted to Defendant in writing that IBM was not assisting him with placement in a vacant position, and also, not accommodating him in his present position. Plaintiff asked for an additional extension of time. Plaintiff also specifically noted for Defendant the section of the Equal Employment Opportunity Commission Website identifying and addressing reassignment as a reasonable accommodation and specifically inquired how that might apply to his circumstances. (See **Exhibit "B"** attached hereto.)

17. Plaintiff continued to apply for vacancies. For example, on February 25, 2017, Plaintiff applied for multiple positions where he knew by his own research that he met the posted job requirements. Plaintiff also provided Human Resources a "skills map" as requested.

18. On March 3, 2017, Plaintiff was advised by Alicia King, Senior Human Resources Partner, that no IBM job was available for him, either because the positions were closed, or, in one case, she had determined in conversation with a manager, in which Plaintiff did not participate, that his "skill set" did not match the position. Plaintiff responded the same day by noting in writing that the positions Ms. King said were closed were in fact open in the IBM computer system and receiving applications. (See **Exhibit "C"** attached hereto.)

19. On March 6, 2017, Ms. King stated in writing that, "roles are not showing up for me." Nevertheless, she confirmed that the talent manager had advised her that, "roles are indeed open." She was to advise Plaintiff further. (See **Exhibit "D"** attached hereto.) That did not happen.

20.     On March 9, 2017, Plaintiff requested another extension of time to relocate within IBM based upon hearing nothing from Human Resources about the roles that had been confirmed by Human Resources to be open.

21.     On March 10, 2017, Plaintiff was told by his Manager, Ramsey Bradberry, that he was terminated from IBM and that he had no appeal rights.

22.     On March 10, 2017, Alicia King, of Human Resources, advised Plaintiff that the termination decision "still stands."

## VI.     CAUSE OF ACTION:  CLAIMS UNDER THE ADAAA AND TCHRA

23.     Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

24.     Defendant violated the ADAAA and the TCHRA by refusing to accommodate Plaintiff's disability, by initiating, then setting aside the required interactive process with Plaintiff, and by taking numerous adverse actions against Plaintiff because of his disability and specifically because he tried to obtain reasonable accommodations.  42 U.S.C. § 12101 et seq.; TEX. LABOR CODE § 21.001 et seq.

25.     Under federal and state law, it is unlawful for an employer to discriminate or retaliate against any individual because that individual seeks reasonable accommodations to a disability as defined by law.

26.     Defendant is an employer under the ADA as amended and TCHRA.  Defendant is engaged in an industry affecting commerce and had more than 15 employees in each of 20 or more calendar weeks during the year in which Plaintiff was terminated, or in the preceding calendar year.

27.     At all times relevant to this suit, Plaintiff was a qualified individual with a disability, was a qualified individual with a record of a disability or was regarded by the

Defendant as a person with a disability.

28. Plaintiff was qualified for and could perform the essential functions of his job at the time of his termination, with reasonable accommodations.

29. As alleged above in detail, Plaintiff was objectively meeting his employer's expectations, including exceeding his annual sales quota and obtaining a substantial cash bonus of over $10,000.00 for his last quarter's performance.

30. Plaintiff was terminated as a direct result of his requests for accommodations, his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability.

31. Defendant violated both the ADA as amended and TCHRA by intentionally refusing to accommodate Plaintiff's disability, deliberately retaliating against him for seeking accommodations, and by discriminating against Plaintiff because of his disability. Plaintiff's disability, record of having a disability, and/or Defendant's perception regarding Plaintiff as a person with a disability was a determining or motivating factor in each of Defendant's adverse employment actions against Plaintiff.

## VII. DAMAGES

32. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of earning capacity, loss of enjoyment of life,

injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## VIII. COMPENSATORY DAMAGES

33. Defendant intentionally engaged in an unlawful employment practice by refusing to accommodate Plaintiff's disability refusing to follow expert recommendations, and by discriminating against Plaintiff because of his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as being disabled. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## IX. PUNITIVE DAMAGES

34. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the federal and state rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## X. ATTORNEYS' FEES AND EXPERT FEES

35. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## XI. DEMAND FOR JURY TRIAL

36. Plaintiff demands a trial by jury of all the issues in this case and tenders herewith the requisite jury fee.

## XII. PRAYER FOR RELIEF

37. WHEREFORE, cause having been shown, Plaintiff prays for, on trial of this just cause, judgment against Defendant as follows:

   a. All actual damages, including but not limited to past and future lost wages, past and future lost benefits, lost benefits of contract;

   b. Compensatory damages;

   c. Punitive damages;

   e. Pre-judgment and post-judgment interest as allowed by law;

   f. Court costs and expenses, and litigation expenses, including but not limited to the expenses for any expert witnesses;

   g. Equitable relief, including front pay;

   h. Attorneys' fees; and

   i. Any such further relief as the Court deems proper and just under the circumstances.

Respectfully submitted,

*/s/John E. Schulman*
John E. Schulman
SBN 17833500
jschulman@schulmanlaw.com
Margaret K. Schulman
SBN 17833900
mschulman@schulmanlaw.com
THE SCHULMAN LAW FIRM, P.C.
6440 North Central Expressway, Suite 210
Dallas, Texas 75206
(214) 361-2580 telephone
(214) 361-6580 fax
**ATTORNEYS FOR PLAINTIFF**